# Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

February 13, 2019

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Lucio Celli 18-MJ-1101

Dear Judge Orenstein:

Please accept this letter in response to Your Honor's order to show cause as to why Mr. Celli's motion for an order to produce certain records, which was denied on February 11, 2019, should not be filed in unredacted form. ECF Dkt. No. 16. Attached as Exhibit A is a more narrowly redacted version of the motion and proposed order for Your Honor's consideration. This version discloses the nature of the investigation and requested records and redacts the identity of the treatment provider that was the subject of the order.[1] This redaction is permissible under Federal Rule of Criminal Procedure 49.1, which allows redaction of information where "necessary to protect a Defendant's privacy interests, relating both to his family life and medical history." *See United States v. Vinas*, No. 08-CR-823, 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017).

The public has a presumptive right of access to information regarding judicial proceedings under both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). But this right of access is by no means absolute. The weight afforded to this presumption depends on both the role of the information in the performance of the court's Article III duties and its value to the public as measured against the privacy interest of the party resisting disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1049–51 (2d Cir. 1995).

Here, the weight of the presumption of access is low because the information at issue—the identity of the treatment provider—did not play a role in the Court's adjudication of Mr. Celli's motion for an order to produce medical records. *See Amodeo*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."). Indeed, the request was suitably denied because undersigned counsel failed to submit an adequate legal basis for the request and redactions, and did not advise the Court that the records were previously requested pursuant to a subpoena and HIPPA release.

---

[1] Mr. Celli's date of birth is also redacted from the proposed order pursuant to Fed. R. Crim. P. 49.1(a)(2).

Even if the name of the treatment provider were subject to a presumption of access that is accorded great weight, that presumption can be overcome by Mr. Celli's strong privacy interest in the identity of his treatment provider. In considering the weight attached to an assertion of the right to privacy, courts should consider the "degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Sensitive information regarding conduct "with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* This undoubtedly includes information identifying the provider Mr. Celli sought medical treatment from because it does not impact the public in any legitimate way, clearly pertains to his personal life and medical history, and could impact his reputation. *See Vinas*, 2017 WL 1969665, at *2 (ruling redaction of information regarding a defendant's "family and home life" and "mental health" was proper under Rule 49.1 and necessary to protect the defendant's privacy interests). Accordingly, Mr. Celli's privacy interest in the narrow information he seeks to keep private is sufficiently compelling to warrant redaction.

For all these reasons, redacting the identity of Mr. Celli's treatment provider is proper under Rule 49.1. Undersigned counsel thanks the Court for its attention to this matter.

Respectfully Submitted,

/s/Leticia M. Olivera
Leticia M. Olivera
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

Cc: Kayla Bensing, AUSA